IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

VAUGHN HARRIS,

        Petitioner,    :    Case No. 1:25-cv-738

 - vs -    District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

SHERIFF DARON HALL,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Vaughn pursuant to 28 U.S.C. § 2241 or § 2254, is before the Court for initial review under Rule 4 of the Rules Governing Habeas Corpus Proceedings. Upon filing the case was randomly District Judge McFarland and then, pursuant to Amended General Order 22-05, referred randomly to the undersigned.

Under Rule 4, the assigned judge must "promptly examine" the petition. Rule 4 then provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

The Petitioner is not entitled to habeas corpus relief in this Court because the Court does not have habeas corpus jurisdiction under either § 2241 or § 2254 over Respondent Sheriff Hall or the Petitioner, both of whom are in Tennessee. § 2241 expressly limits the power to issue the writ to federal judges "within their respective jurisdictions." Our jurisdiction is territorially limited to the Southern District of Ohio – roughly that portion of Ohio south of Columbus.

Accordingly, it is respectfully recommended that the Petition be dismissed without

prejudice for lack of jurisdiction so that Petitioner can re-file in an appropriate court in Tennessee. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

The Clerk's Notice of Deficiency (ECF No. 2) is withdrawn as moot.

October 15, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.